**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSEPH SIEGEL, DAVID L. POWELL,** | § | |
| **and GENE A. GRANT II,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:18-CV-1023-X** |
| | § | |
| **COMPASS BANK d/b/a BBVA** | § | |
| **COMPASS,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

By *Order of Reference* filed November 2, 2020, before the Court determination is *Plaintiffs'*

*Amended Motion for Discovery Sanctions and Brief in Support*, filed October 29, 2020 (doc. 59).

After consideration of relevant filings and applicable law, and for the following reasons, the motion

is hereby **DENIED as untimely**.

**I.**

The plaintiffs filed this employment discrimination action on April 23, 2018.  (See doc. 1.)

On July 27, 2018, the Court entered a scheduling order setting a trial date of September 16, 2019,

and stating, in relevant part:

> 90 days before trial–discovery closes; discovery requests must be served in time to permit
> response by this date[.]

(doc. 13 at 1-2.)  The order also provided that the parties "may by written agreement alter the

deadlines in this paragraph without the need for court order."  (*Id.* at 1.)  At the parties' request, an

amended scheduling order was entered on April 22, 2019, which set a new trial date of March 23,

2020.  (docs. 16, 17.)

The case was transferred to a different district judge on September 3, 2019, and a second

amended scheduling order reset the trial for a two-week docket beginning October 19, 2020. (docs. 25, 44.)  It stated, in relevant part:

> June 9, 2020–discovery closes; discovery requests must be served in time to permit response by this date[.]

(doc. 44 at 2.)  The order specifically provided that a continuance of the trial date would not alter the deadlines unless expressly provided by court order; it did not provide that the parties could modify the deadlines by agreement. (*See id.* at 1-2.)  A third amended scheduling order was entered on April 14, 2020, which extended the discovery deadline to July 17, 2020, and reset the case for trial on the December 7, 2020 docket.  (*See* doc. 46.)  The order specifically provided that a continuance of the trial date would not alter the deadlines unless expressly provided by court order; it did not provide that the parties could modify the deadlines by agreement. (*See id.* at 1-2.)

After the deadline, on August 5, 2020, the plaintiffs filed a motion to compel depositions and secure compliance with a prior discovery order.  (See doc. 47.)  It was considered and resolved by joint order dated August 27, 2020, and court order dated September 10, 2020.  (*See* docs. 53, 56.) On October 29, 2020, the plaintiffs filed their amended motion for discovery sanctions.  (See doc. 59.)  On November 19, 2020, all trial settings in this district were continued until after January 1, 2021 due to a global pandemic.  (doc. 71.)  An amended trial scheduling order was issued on December 2, 2020, which reset the trial for January 19, 2021.  (doc. 73.)

The parties were ordered to confer and brief the issue of whether the plaintiffs' discovery motion was timely.  (doc. 63.)  They agreed that it was timely based on their prior agreement to extend the discovery deadline.  (doc. 68 at 3.)  According to the parties' joint submission, they had yet to take a single deposition by mid-July despite the July 17, 2020 discovery deadline.  (*Id.*)  The plaintiffs contend that they served discovery requests in October 2018.  (*Id.*  at 4.)   Their first

2

motion to compel was granted in December 2019, and as a result, "thousands of pages of additional responsive materials" were produced in January 2020. (*Id.* at 4-5.)  Although the parties' joint submission notes their passing reference to ongoing discovery in a motion for an extension of the deadline to file their pretrial materials, they did not formally seek to extend the discovery deadline, and it has not been extended.  (*Id.* at 3; *see also* doc. 64.)

## II.

Rule 37 of the Federal Rules of Civil Procedure, which governs motions to compel discovery, provides no deadline for the filing of discovery motions.  *Days Inn Worldwide, Inc. v. Sonia Investments,* 237 F.R.D. 395, 396 (N.D. Tex. 2006).  Rule 16(b), however, provides that courts shall, in appropriate cases, issue scheduling orders limiting the time for joining parties and amending pleadings, filing motions, *completing discovery*, modifying the disclosure deadlines, trial matters, and any other appropriate matters.  *Id.*  Where a scheduling order establishes a date for the completion of discovery, a party is required to obtain all necessary discovery by that date.  *See id.* at 398.

The Fifth Circuit Court of Appeals has noted that its "precedent suggests that a district court is within its discretion to deny a motion to compel filed on or after the court-ordered discovery deadline—regardless of the requested discovery's value to the party's case."  *McCollum v. Puckett Machinery Co.*, 628 F. App'x 225, 228 n. 4 (5th Cir. 2015) (citing *Grey v. Dallas Indep. Sch. Dist.*, 265 F. App'x 342, 348 (5th Cir. 2008) (finding no abuse of discretion in the denial of a motion to compel discovery filed on the day of the discovery deadline after an extensive discovery period); *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 209 (5th Cir.1992) (holding that the district court did not abuse its discretion when it denied plaintiff's request to conduct potentially dispositive discovery,

"given (i) the imminence of trial, (ii) the impending discovery deadline, and (iii) [plaintiff's] failure to request an inspection earlier"); *Days Inn*, 237 F.R.D. at 398-99 (noting that relevance and importance of discovery were not generally considered by courts in deciding whether to consider an untimely motion, and that both were inconsistent with a delay in seeking the discovery)).  When a motion is filed after the discovery deadline, courts have considered a number of factors in determining whether the motion is untimely and/or should be permitted, including (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (6) the age of the case, (7) any prejudice to the party from whom late discovery was sought, and (8) disruption of the court's schedule.  *Days Inn*, 237 F.R.D. at 398.

Despite the parties' agreement, the *Days Inn* factors weigh heavily in favor of disallowing the motion as untimely.  The plaintiffs' discovery motion was filed more than three months after the extended deadline for completion of discovery, and *less than six weeks before the trial date*. According to the joint submission, the plaintiffs first requested discovery in October 2018 and obtained an order granting their motion to compel more than a year later, in December 2019, and they obtained responsive documents in January 2020.  The discovery deadline has been extended three times.  The last two scheduling orders were very specific in setting a deadline for completion of discovery; neither permitted the parties to extend that deadline by agreement, and they did not obtain approval for that agreement.  The joint submission does not adequately address the delay in beginning depositions, which appears to have been the point at which the plaintiffs determined that additional discovery or court intervention was warranted; it states that no depositions had been taken

4

by the discovery deadline.  Although the plaintiffs note their efforts to obtain the defendant's compliance with the discovery orders, *Days Inn* noted the court's apt statement in *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001), that "if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel.  If he fails to do so, he acts at his own peril."  237 F.R.D. at 399; *see also Suntrust Bank v. Blue Water Fiber, L.P.,* 210 F.R.D. 196, 200-01 (E.D. Mich. 2002) (finding failure to promptly enforce discovery rights constituted a waiver of such rights)(citing *Choate v. National Railroad Passenger Corp.*, 132 F. Supp. 2d 569 (E.D. Mich. 2001)); 8 A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 2285 (2d ed.1994) (generally, if a moving party has unduly delayed in filing a motion for an order compelling discovery, a court may conclude that the motion is untimely).  The joint submission notes that thousands of pages of documents were produced in January 2020.  If documents were produced after the deposition, the plaintiffs could have sought to reopen the depositions at the defendant's cost based on the untimely produced documents.  Notably, the plaintiffs' prior discovery motion was also untimely, but it was considered, so they have already received the benefit of an untimely-filed discovery motion.  Finally, the disruption to the Court's schedule is evident.  The plaintiffs' motion was filed less than six weeks prior to the trial date and has already resulted in an extension of the deadline for filing pretrial materials.  The new trial setting is now less than four weeks away.

### III.

In conclusion, despite the parties' agreement that the motion should be heard based on their agreement to extend the discovery deadline, the plaintiffs have not shown that their late-filed

discovery motion should be allowed under the facts of this case, and it is **DENIED** as untimely.

      **SO ORDERED** on this 24th day of December, 2020.

                                        IRMA CARRILLO RAMIREZ
                                  UNITED STATES MAGISTRATE JUDGE