**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSEPH SIEGEL, DAVID L. POWELL,** | § | |
| AND **GENE A. GRANT II,** | § | |
| | § | |
| *Plaintiffs,* | § | **CIVIL ACTION NO. 3:18-CV-01023-X** |
| | § | |
| **VS.** | § | **Jury Trial Demanded** |
| | § | |
| **COMPASS BANK d/b/a BBVA COMPASS,** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFFS' PROPOSED JURY CHARGE

Pursuant to this Court's Scheduling Order, Plaintiffs Joseph Siegel, David L. Powell, and Gene A. Grant II (collectively, "Plaintiffs") submit the following proposed jury instructions and questions. Plaintiffs request and reserve the right to amend this Proposed Jury Charge or request additional questions, instructions and definitions prior to the time the charge is presented to the jury.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By:   *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Bryan P. Stevens
State Bar No. 24051387
BStevens@hallettperrin.com

David M. Hammack
State Bar No. 24092476
DHammack@hallettperrin.com

*Counsel for Plaintiffs Joseph Siegel,
David L. Powell and Gene A. Grant II*

## <u>CERTIFICATE OF SERVICE</u>

     This is to certify true and correct copies of the foregoing document was forwarded to all of Defendant's counsel of record as follows on the 5th day of January, 2021:

     Mr. Michael R. Buchanan
     OGLETREE DEAKINS
     Preston Commons West
     8117 Preston Road, Suite 500
     Dallas, Texas 75225
     Michael.Buchanan@ogletree.com

     Mr. Bruce A. Griggs
     OGLETREE DEAKINS
     301 Congress Avenue, Suite 1150
     Austin, Texas 78701
     Bruce.Griggs@ogletree.com

     Mr. Derek T. Rollins
     OGLETREE DEAKINS
     301 Congress Avenue, Suite 1150
     Derek.Rollins@ogletree.com

     Ms. Holly H. Williamson
     HUNTON ANDREWS KURTH
     1445 Ross Avenue, Suite 3700
     Dallas, Texas 75202
     HWilliamson@huntonak.com

     Mr. Gary Enis
     HUNTON ANDREWS KURTH
     1445 Ross Avenue, Suite 3700
     Dallas, Texas 75202
     GEnis@huntonak.com

                          *Monte K. Hurst*
                          Monte K. Hurst

## TABLE OF CONTENTS

Plaintiffs' Proposed Instruction No. 1: Instructions for Beginning of Trial ...................................7

Plaintiffs' Proposed Instruction No. 2: Preliminary Instructions...........................................................9

Plaintiffs' Proposed Instruction No. 3: Jury Charge...........................................................................11

Plaintiffs' Proposed Instruction No. 4: Evidence ...............................................................................12

Plaintiffs' Proposed Instruction No. 5: Witnesses .............................................................................13

Plaintiffs' Proposed Instruction No. 6: Expert Witnesses .................................................................14

Plaintiffs' Proposed Instruction No. 7: Duty to Deliberate; Notes ..................................................15

Plaintiffs' Proposed Instruction No. 8: Definitions ...........................................................................16

Plaintiffs' Proposed Instruction No. 9: Burden of Proof: Preponderance of The Evidence ..........17

Plaintiffs' Proposed Instruction No. 10: Burden of Proof: Preponderance of The Evidence ........18

Plaintiffs' Proposed Instruction No. 11: Burden of Proof: Preponderance of The Evidence ........19

Plaintiffs' Proposed Instruction No. 12: Stipulated Testimony .........................................................20

Plaintiffs' Proposed Instruction No. 13: Stipulations of Fact ...........................................................21

Plaintiffs' Proposed Instruction No. 14: Title VII (42 U.S.C. § 2000e-2)—Discrimination Based on Race, Color, National Origin, Religion, or Sex (Disparate Treatment)....................................23

Plaintiffs' Proposed Instruction No. 15: Title VII— Discrimination Based on Race, Color, National Origin, Religion or Sex (Disparate Treatment).................................................................24

Plaintiffs' Proposed Instruction No. 16: Title VII— Retaliation........................................................25

Plaintiffs' Proposed Instruction No. 17: Title VII— Retaliation........................................................26

Plaintiffs' Proposed Instruction No. 18: Title VII Damages .............................................................27

Plaintiffs' Proposed Instruction No. 19: Title VII—Damages ..........................................................30

Plaintiffs' Proposed Instruction No. 20: Discrimination Based on Age (ADEA Disparate Treatment)..........................................................................................................................................32

Plaintiffs' Proposed Instruction No. 21: Discrimination Based on Age (ADEA Disparate Treatment)..........................................................................................................................................33

Plaintiffs' Proposed Instruction No. 22: ADEA Damages ...............................................................34

Plaintiffs' Proposed Instruction No. 23: ADEA Damages ...........................................................35

Plaintiffs' Proposed Instruction No. 24: Breach of Contract........................................................36

Plaintiffs' Proposed Question No. 25: Breach of Contract............................................................37

Plaintiffs' Proposed Instruction No. 26: Breach of Contract —Damages ....................................38

Plaintiffs' Proposed Question No. 27: Breach of Contract —Damages ........................................39

Plaintiffs' Proposed Instruction No. 28: Quantum Meruit............................................................41

Plaintiffs' Proposed Question No. 29: Quantum Meruit ...............................................................42

Plaintiffs' Proposed Instruction No. 30: Quantum Meruit —Damages.........................................43

Plaintiffs' Proposed Instruction No. 31: Quantum Meruit—Damages..........................................44

Plaintiff's Proposed Instruction No. 32: Wrongful Discharge for Refusal to Commit Unlawful Acts    45

Plaintiff's Proposed Instruction No. 33: Damages for Wrongful Discharge for Refusal to Commit Unlawful Acts ................................................................................................................................46

Plaintiffs' Proposed Instruction No. 34: Title VII (42 U.S.C. § 2000e-2)—Discrimination Based on Race, Color, National Origin, Religion, or Sex (Disparate Treatment)....................................47

Plaintiffs' Proposed Instruction No. 35: Title VII— Discrimination Based on Race, Color, National Origin, Religion or Sex (Disparate Treatment)................................................................48

Plaintiffs' Proposed Instruction No. 36: Title VII— Retaliation..................................................49

Plaintiffs' Proposed Instruction No. 37:Title VII— Retaliation...................................................50

Plaintiffs' Proposed Instruction No. 38: Title VII Damages ........................................................51

Plaintiffs' Proposed Instruction No. 39:Title VII—Damages ......................................................54

Plaintiffs' Proposed Instruction No. 40: Discrimination Based on Disability..............................56

Plaintiffs' Proposed Instruction No. 41: Discrimination Based on Disability..............................58

Plaintiffs' Proposed Instruction No. 42: ADA Damages..............................................................59

Plaintiffs' Proposed Instruction No. 43: ADA—Damages...........................................................62

Plaintiffs' Proposed Instruction No. 44: Discrimination Based on Age (ADEA Disparate Treatment)....................................................................................................................................64

Plaintiffs' Proposed Instruction No. 45: Discrimination Based on Age (ADEA Disparate Treatment)..........................................................................................................65

Plaintiffs' Proposed Instruction No. 46: ADEA Damages ........................................................66

Plaintiffs' Proposed Instruction No. 47: ADEA Damages ........................................................67

Plaintiffs' Proposed Instruction No. 48: Breach of Contract....................................................68

Plaintiffs' Proposed Question No. 49: Breach of Contract.......................................................69

Plaintiffs' Proposed Instruction No. 50: Breach of Contract —Damages ..................................70

Plaintiffs' Proposed Instruction No. 51: Breach of Contract —Damages ..................................71

Plaintiffs' Proposed Instruction No. 52: Title VII (42 U.S.C. § 2000e-2)—Discrimination Based on Race, Color, National Origin, Religion, or Sex (Disparate Treatment)...................................73

Plaintiffs' Proposed Instruction No. 53: Title VII— Discrimination Based on Race, Color, National Origin, Religion or Sex (Disparate Treatment)..............................................................74

Plaintiffs' Proposed Instruction No. 54: Title VII— Retaliation...................................................75

Plaintiffs' Proposed Instruction No. 55: Title VII— Retaliation...................................................76

Plaintiffs' Proposed Instruction No. 56: Title VII Damages ......................................................77

Plaintiffs' Proposed Instruction No. 57: Title VII—Damages ...................................................80

Plaintiffs' Proposed Instruction No. 58: Discrimination Based on Age (ADEA Disparate Treatment)..........................................................................................................82

Plaintiffs' Proposed Instruction No. 59: Discrimination Based on Age (ADEA Disparate Treatment)..........................................................................................................83

Plaintiffs' Proposed Instruction No. 60: ADEA Damages ........................................................84

Plaintiffs' Proposed Instruction No. 61: ADEA Damages ........................................................85

Plaintiffs' Proposed Instruction No. 62: Breach of Contract....................................................86

Plaintiffs' Proposed Question No. 63: Breach of Contract.......................................................87

Plaintiffs' Proposed Instruction No. 64: Breach of Contract —Damages ..................................88

Plaintiffs' Proposed Question No. 65: Breach of Contract —Damages ......................................89

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 1: INSTRUCTIONS FOR BEGINNING OF TRIAL

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.[1]

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, charges, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this

---

[1] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 1.1 (2020).

country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
Brantley Starr
United States District Judge

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 2: PRELIMINARY INSTRUCTIONS**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.[2]

Alternate 1:

Pay close attention to the testimony and evidence.  You will not be allowed to take notes.

Alternate 2:

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text  or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information

---

[2] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 1.2 (2020).

about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiffs will present their cases through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present its case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments.  Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, the closing arguments, and my instructions.

It is now time for the opening statements.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
Brantley Starr
United States District Judge

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 3: JURY CHARGE**

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.[3]

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendant in arriving at your verdict.

GIVEN:           _____

REFUSED:         _____

MODIFIED:        _____

WITHDRAWN:       _____


_____
Brantley Starr
United States District Judge

---

[3] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 3.1 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 4: EVIDENCE**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.[4]

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.


GIVEN:                    _____

REFUSED:                  _____

MODIFIED:                 _____

WITHDRAWN:                _____


                                    _____
                                    Brantley Starr
                                    United States District Judge

---

[4] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 3.3 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 5: WITNESSES**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.[5]

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
Brantley Starr
United States District Judge

---

[5] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 3.4 (2020).

PLAINTIFFS' PROPOSED INSTRUCTION NO. 6: EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.[6]


GIVEN:                _____

REFUSED:              _____

MODIFIED:             _____

WITHDRAWN:            _____


                            _____
                            Brantley Starr
                            United States District Judge

---

[6] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 3.5 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 7: DUTY TO DELIBERATE; NOTES**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.[7]

Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____


                                    _____
                                    Brantley Starr
                                    United States District Judge

---

[7] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 3.7 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 8: DEFINITIONS**

"Plaintiff Siegel" or "Siegel" refers to Plaintiff Joseph Siegel.

"Plaintiff Powell" or "Powell" refers to Plaintiff David L. Powell.

"Plaintiff Grant" or "Grant" refers to Plaintiff Gene A. Grant II.

"Defendant Compass" or "Compass" refers to Defendant Compass Bank d/b/a BBVA Compass.

"ADEA" refers to the Age Discrimination in Employment Act.

GIVEN:                   _____

REFUSED:                 _____

MODIFIED:                _____

WITHDRAWN:               _____


_____
Brantley Starr
United States District Judge

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 9: BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

Plaintiff Siegel has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Siegel has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.[8]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
Brantley Starr
United States District Judge

---

[8] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 3.2 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 10: BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

Plaintiff Powell has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Powell has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.[9]

GIVEN:                    _____

REFUSED:                  _____

MODIFIED:                 _____

WITHDRAWN:                _____


                                          _____
                                          _____
                                          Brantley Starr
                                          United States District Judge

---

[9] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 3.2 (2020).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 11: BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Plaintiff Grant has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Grant has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.[10]

GIVEN:                _____

REFUSED:             _____

MODIFIED:           _____

WITHDRAWN:       _____

_____
Brantley Starr
United States District Judge

---

[10] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 3.2 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 12: STIPULATED TESTIMONY**

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony.[11]

Stipulated testimony must be considered in the same way as if that testimony had been received here in court.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
Brantley Starr
United States District Judge

---

[11] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 2.2 (2020).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 13: STIPULATIONS OF FACT

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. [12]

1. Banco Bilbao Vizcaya Argentaria, S.A., or "BBVA Spain" is a Spanish multinational financial services company based in Madrid and Bilbao, Spain.

2. BBVA Spain manages its business focusing on five geographical areas: Spain; Mexico; South America; the U.S.; and Eurasia.

3. In 2007, BBVA Spain acquired Alabama Compass Bank in the United States and, the following year, reorganized its entire portfolio of United States brands under the name "BBVA Compass."

4. "BBVA Compass" was therefore a subsidiary of BBVA Spain.

5. In 2019, BBVA Compass was re-branded as "BBVA USA."

6. BBVA Bancomer, located in Mexico, is also a subsidiary of BBVA, S.A.

7. In the U.S., BBVA USA provides Retail Banking, Commercial Banking, Corporate Investment Banking, and Wealth Management products and services to customers.

8. BBVA, S.A. also operates a branch and international banking facility in New York, referred to as "BBVA New York."

9. BBVA, S.A. operates a broker-dealer, BBVA Securities, Inc. ("BSI"), which is also based in New York.

10. "Corporate & Investment Banking, U.S.A.," or "CIB U.S.A.," is a business unit within BBVA Compass.

11. In 2016, BBVA Compass conducted a reduction-in-force (the "RIF").

12. Plaintiffs Siegel, Powell, and Grant were terminated as part of the RIF.

13. Joseph Siegel began working for Compass in 2008, and was the Head of U.S. Corporate Lending and Syndicated Loan Origination at CIB U.S.A. when he was terminated on October 1, 2016.

14. David Powell was the Co-Head of CIB U.S.A. when he was terminated on October 31, 2016

---

[12] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 2.3 (2020).

15.     Gene Grant began working for Compass's affiliates in 2011, and was the Global Head of Business Evolution Group, Global Markets, for CIB U.S.A. when he was terminated on October 1, 2016.

GIVEN:                   _____

REFUSED:                 _____

MODIFIED:                _____

WITHDRAWN:               _____


                                   _____
                                   Brantley Starr
                                   United States District Judge

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 14: TITLE VII (42 U.S.C. § 2000E-2)— DISCRIMINATION BASED ON RACE, COLOR, NATIONAL ORIGIN, RELIGION, OR SEX (DISPARATE TREATMENT)**

Plaintiff Siegel claims that[13]:

Defendant Compass's termination of Plaintiff Siegel was motivated by the Plaintiff Siegel's national origin.

The employer, Defendant Compass, denies Plaintiff Siegel's claims, and contends that he was terminated for non-discriminatory reasons only.

It is unlawful for an employer to discriminate against an employee because of the employee's national origin. An employer may, however terminate an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Siegel must prove by a preponderance of the evidence that:

1.     Defendant terminated Plaintiff Siegel; and

2.     Defendant Compass's termination of Plaintiff Siegel was motivated by his national origin.

       Plaintiff Siegel does not have to prove that unlawful discrimination was the only reason Defendant Compass terminated him.

If you find that the reason Defendant Compass has given for termination is unworthy of belief, you may, but are not required to, infer that Defendant Compass was motivated by Plaintiff's national origin.


GIVEN:                _____

REFUSED:              _____

MODIFIED:             _____

WITHDRAWN:            _____


                                    _____
                                    Brantley Starr
                                    United States District Judge

---

[13] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.1 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 15: TITLE VII— DISCRIMINATION BASED ON RACE, COLOR, NATIONAL ORIGIN, RELIGION OR SEX (DISPARATE TREATMENT)**

**JURY QUESTION**

**Question No. 1**

Has Plaintiff Siegel proved that his national origin was a motivating factor in Defendant Compass's decision to terminate him?[14]

Answer "Yes" or "No."

_____

GIVEN:               _____

REFUSED:            _____

MODIFIED:          _____

WITHDRAWN:       _____

                              _____
                              Brantley Starr
                              United States District Judge

---

[14] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.1 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 16: TITLE VII— RETALIATION**

Plaintiff Siegel claims that he was retaliated against by Defendant Compass for engaging in activity protected by Title VII. Plaintiff Siegel claims that he complained about Compass's discriminatory employment practices.  Plaintiff Siegel claims that Defendant Compass retaliated against him by terminating him.[15]

Defendant Compass denies Plaintiff Siegel's claims and contends that he was terminated for non-discriminatory reasons only.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII.   To prove unlawful retaliation, Plaintiff Siegel must prove by a preponderance of the evidence that:

1.    Plaintiff Siegel engaged in protected activity when he complained about Compass's discriminatory employment practices;

2.    Defendant Compass terminated Plaintiff Siegel; and

3.    Defendant Compass's decision to terminate Plaintiff Siegel was on account of his protected activity.

You need not find that the only reason for Defendant Compass's decision was Plaintiff Siegel's complaints about Compass's discriminatory employment practices. But, you must find that Defendant Compass's decision to terminate Plaintiff Siegel would not have occurred in the absence of—but for—his complaints about Compass's discriminatory employment practices.

If you disbelieve the reason Defendant Compass has given for its decision, you may, but are not required to, infer that Defendant Compass would not have decided terminate Plaintiff Siegel but for him engaging in the protected activity.

GIVEN:                _____

REFUSED:             _____

MODIFIED:            _____

WITHDRAWN:        _____

_____
Brantley Starr
United States District Judge

---

[15] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.5 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 17: TITLE VII— RETALIATION**

## JURY QUESTION

### Question No. 1

Do you find that Plaintiff Siegel would not have been terminated but for his complaints about Compass's discriminatory employment practices?[16]

Answer "Yes" or "No."

_____


GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

WITHDRAWN:          _____


                    _____
                    Brantley Starr
                    United States District Judge


_____

[16] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.5 (2020).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 18: TITLE VII DAMAGES

If you found that Defendant Compass violated Title VII, then you must determine whether it has caused Plaintiff Siegel damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Siegel has proved liability.[17]

Plaintiff Siegel must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Siegel need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as   the circumstances permit.

You should consider the following elements of actual damages, occurring from October of 2016 until the date of your verdict, and no others: (1) the amount of back pay and benefits Plaintiff Siegel would have earned in his employment with Defendant Compass if he had not been terminated from October, 2017 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Siegel received from employment during that time; (2) the amount of other damages sustained by Plaintiff Siegel such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Back pay includes the amounts the evidence shows Plaintiff Siegel would have earned had he remained an employee of Defendant Compass. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant Compass proves by a preponderance of the evidence Plaintiff Siegel received during the period in question.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Siegel for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Siegel proves by a preponderance of the evidence that:

(1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity; (2) he engaged in the discriminatory act or practice while acting in the scope of his employment; and

(3) he acted with malice or reckless indifference to Plaintiff Siegel's federally protected right to be free from discrimination.

---

[17] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).

If Plaintiff Siegel has proved these facts, then you may award punitive damages, unless Defendant Compass proves by a preponderance of the evidence that the termination was contrary to its good-faith efforts to prevent discrimination in the workplace.

An action is in "reckless indifference" to Plaintiff Siegel's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff Siegel is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant Compass engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant Compass made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted anti-discrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff Siegel's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Defendant Compass acted with malice or reckless indifference to Plaintiff Siegel's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff Siegel is entitled to receive, you may, but are not required to, award Plaintiff Siegel an additional amount as punitive damages for the purposes of punishing the Defendant Compass for engaging in such wrongful conduct and deterring Defendant Compass and others from engaging in such conduct in the future. You should presume that Plaintiff Siegel has been made whole for his injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Defendant Compass's conduct was. You may consider whether the harm Plaintiff Siegel suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant's Compass's conduct that harmed Plaintiff Siegel also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff Siegel.

2. How much harm Defendant Compass's wrongful conduct caused Plaintiff Siegel and could cause him in the future.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant Compass's financial condition, to punish Defendant Compass for its conduct toward Plaintiff Siegel and to deter Defendant Compass and others from similar wrongful conduct in the future.

4.      The amount of fines and civil penalties applicable to similar conduct.

5.      The amount of any punitive damages award should bear a reasonable relationship
        to the harm caused Plaintiff Siegel.

GIVEN:                  _____

REFUSED:                _____

MODIFIED:               _____

WITHDRAWN:              _____


                                    _____
                                    Brantley Starr
                                    United States District Judge

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 19: TITLE VII—DAMAGES**

## JURY QUESTIONS

### Question No. 1

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Siegel for the damages, if any, you have found Defendant Compass caused Plaintiff Siegel?[18]

Answer in dollars and cents for the following items and none other:

1.      Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$—————

2.      Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$—————

3.      Wages and benefits from October, 2016 to the date of your verdict.

$—————

### Question No. 2

Do you find that Plaintiff Siegel should be awarded punitive damages?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 2, then answer Question No. 2:

### Question No. 3

What sum of money should be assessed against Defendant Compass as punitive damages?

Answer in dollars and cents:

$_____

---

[18] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).

GIVEN:                 _____

REFUSED:               _____

MODIFIED:              _____

WITHDRAWN:             _____


 

 

 

 

_____

Brantley Starr
United States District Judge

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 20: DISCRIMINATION BASED ON AGE (ADEA DISPARATE TREATMENT)**

Plaintiff Siegel claims he would not have been terminated but for his age.[19]

Defendant Compass denies Plaintiff Siegel's claims and contends that he was terminated for non-discriminatory reasons only.

It is unlawful for an employer to discriminate against an employee because of the employee's age. To prove unlawful discrimination, Plaintiff Siegel must prove by a preponderance of the evidence that:

      1.      he was terminated;

      2.      he was 40 years or older when he was terminated; and

      3.      Defendant Compass would not have terminated but for Plaintiff Siegel's age.

Plaintiff Siegel must prove that, in the absence of—but for his age, Defendant Compass would not have decided to terminate him.  If you find that Defendant Compass's stated reason for its termination is not the real reason but is a pretext for age discrimination, you may, but are not required to, find that Defendant Compass would not have decided to terminate Plaintiff Siegel but for his age.

GIVEN:          _____

REFUSED:       _____

MODIFIED:      _____

WITHDRAWN:   _____

_____
Brantley Starr
United States District Judge

---

[19] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.15 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 21: DISCRIMINATION BASED ON AGE (ADEA DISPARATE TREATMENT)**

## JURY QUESTION

### Question No. 1

Has Plaintiff Siegel proved that, but for his age, Defendant Compass would not have terminated him?[20]

Answer "Yes" or "No."

_____

GIVEN:                  _____

REFUSED:             _____

MODIFIED:           _____

WITHDRAWN:       _____


                                             _____
                                             Brantley Starr
                                             United States District Judge

---

[20] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.15 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 22: ADEA DAMAGES**

If you found that Defendant Compass violated the ADEA, then you must determine whether it has caused Plaintiff Siegel damages. If so, you must determine the amount. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Siegel has proved liability.[21]

Plaintiff Siegel must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Siegel need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as   the circumstances permit.

You should consider the following elements of damages, and no others: the amounts the evidence shows Plaintiff Siegel would have earned had he remained an employee of Defendant Compass to the date of your verdict, including benefits such as life and health insurance, stock options, or contributions to retirement, minus the amounts of earnings and benefits, if any, that Defendant Compass proves by a preponderance of the evidence Plaintiff Siegel received in the interim.

Plaintiff Siegel asserts that Defendant Compass's alleged age discrimination was willful.

If you find that Defendant Compass would not have terminated Plaintiff Siegel but for his age, then you must also determine whether Defendant Compass's action was willful. To establish willfulness, Plaintiff Siegel must also prove that, when Defendant Compass terminated him, Defendant Compass either (a) knew that its conduct violated the ADEA, or (b) acted with reckless disregard for whether its conduct complied with the ADEA. A plaintiff who proves that his former employer acted willfully in violating the ADEA is entitled to additional damages.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
Brantley Starr
United States District Judge

---

[21] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.18 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 23: ADEA DAMAGES**

**JURY QUESTIONS**

**Question No. 1**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Siegel for the damages, if any, you have found Defendant Compass's wrongful conduct, if any, caused Plaintiff Siegel?[22]

Answer in dollars and cents for the following items, and no others:

Past wages and benefits from October 1, 2016 to the date of your verdict.

_____

**Question No. 2**

Was Defendant Compass's termination willful?

Answer "Yes" or "No."

_____

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____

_____
Brantley Starr
United States District Judge

---

[22] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.18 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 24: BREACH OF CONTRACT**

In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.[23]


GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____


_____
Brantley Starr
United States District Judge

---

[23] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 101.3 (2018).

**PLAINTIFFS' PROPOSED QUESTION NO. 25: BREACH OF CONTRACT**

## JURY QUESTIONS

### Question No. 1

Did Defendant Compass fail to comply with Plaintiff Siegel's employment agreement, if any?[24]

Answer "Yes" or "No."

_____


GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____


_____
Brantley Starr
United States District Judge

---

[24] [24] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 101.2 (2018).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 26: BREACH OF CONTRACT —DAMAGES**

If you answered "Yes" to Question ___, then answer the following question. Otherwise, do not answer the following question.[25]


GIVEN:                    _____

REFUSED:                  _____

MODIFIED:                 _____

WITHDRAWN:                _____


                                   _____
                                   Brantley Starr
                                   United States District Judge

---

[25] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 115.1 (2018).

<u>**PLAINTIFFS' PROPOSED QUESTION NO. 27: BREACH OF CONTRACT —DAMAGES**</u>

<u>**JURY QUESTIONS**</u>

<u>**Question No. 1**</u>

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Siegel for the damages, if any, that resulted from such failure to comply?[26]

Consider the following elements of damages, if any, and none other:

a)      Lost earnings

      1.      Damages sustained in the past.

           $——————

      2.      Damages that, in reasonable probability, will be sustained in the future.

           $——————

b)      Lost employee benefits

      1.      Damages sustained in the past.

           $——————

      2.      Damages that, in reasonable probability, will be sustained in the future.

           $——————

c)      Lost severance benefits

      1.      Damages sustained in the past.

           $——————

      2.      Damages that, in reasonable probability, will be sustained in the future.

           $——————

---

[26] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 115.3 (2018).

d)      Other wages and benefits owed to Siegel stemming from his employment agreement.

      1.      Damages sustained in the past.

          $——————

      2.      Damages that, in reasonable probability, will be sustained in the future.

          $——————

GIVEN:              _____

REFUSED:           _____

MODIFIED:          _____

WITHDRAWN:         _____


_____
Brantley Starr
United States District Judge

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 28: QUANTUM MERUIT**

Plaintiff Siegel performed compensable work if he rendered valuable services to Defendant Bank; Defendant Compass accepted, used, and benefited from the services, and, under the circumstances, Defendant Compass was reasonably notified that Plaintiff Siegel expected to be compensated for the services.[27]


GIVEN:                _____

REFUSED:           _____

MODIFIED:         _____

WITHDRAWN:      _____


_____
Brantley Starr
United States District Judge

---

[27] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 101.42 (2018).

**PLAINTIFFS' PROPOSED QUESTION NO. 29: QUANTUM MERUIT**

Did Plaintiff Siegel perform compensable work for Defendant Compass for which he was not compensated?[28]

Answer "Yes" or "No."

_____

GIVEN:                 _____

REFUSED:            _____

MODIFIED:          _____

WITHDRAWN:      _____


_____
Brantley Starr
United States District Judge

---

[28] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 101.42 (2018).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 30: QUANTUM MERUIT —DAMAGES**

If you answered "Yes" to Question ___, then answer the following question. Otherwise, do not answer the following question.[29]


GIVEN:                    _____

REFUSED:                  _____

MODIFIED:                 _____

WITHDRAWN:                _____


                                        _____
                                        Brantley Starr
                                        United States District Judge

---

[29] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 115.1 (2018).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 31: QUANTUM MERUIT—DAMAGES**

What is the reasonable value of such compensable work at the time and place it was performed?[30]

Answer in dollars and cents:

$———————————————

GIVEN:                  ———————————

REFUSED:              ———————————

MODIFIED:            ———————————

WITHDRAWN:        ———————————


                                              ——————————————————————————
                                              Brantley Starr
                                              United States District Judge

---

[30] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 115.7 (2018).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 32: WRONGFUL DISCHARGE FOR REFUSAL TO COMMIT UNLAWFUL ACTS**

Was Plaintiff Siegel discharged for the sole reason that he refused to perform an illegal act?[31]

GIVEN:               _____

REFUSED:             _____

MODIFIED:            _____

WITHDRAWN:           _____


                                        _____
                                        Brantley Starr
                                        United States District Judge

---

[31] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 107.3 (2018).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 33: DAMAGES FOR WRONGFUL DISCHARGE FOR REFUSAL TO COMMIT UNLAWFUL ACTS**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff Siegel for his damages, if any, that resulted from such conduct?[32]

Consider the following elements of damages, if any, and none other. Answer separately in dollars and cents for damages, if any.

1. Lost earnings that were sustained in the past.

   $—————

2. Lost earnings that, in reasonable probability, will be sustained in the future.

   $—————

3. Lost employee benefits other than earnings that were sustained in the past.

   $—————

4. Lost employee benefits other than earnings that, in reasonable probability, will be sustained in the future.

   $—————

"Benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary losses incurred as a result of the loss of health, life, dental, or similar insurance coverage.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
Brantley Starr
United States District Judge

---

[32] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 115.26 (2018).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 34: TITLE VII (42 U.S.C. § 2000E-2)— DISCRIMINATION BASED ON RACE, COLOR, NATIONAL ORIGIN, RELIGION, OR SEX (DISPARATE TREATMENT)**

Plaintiff Powell claims that[33]:

Defendant Compass's termination of Plaintiff Powell was motivated by the Plaintiff Powell's national origin.

The employer, Defendant Compass, denies Plaintiff Powell's claims, and contends that he was terminated for non-discriminatory reasons only.

It is unlawful for an employer to discriminate against an employee because of the employee's national origin. An employer may, however terminate an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Powell must prove by a preponderance of the evidence that:

1.      Defendant terminated Plaintiff Powell; and

2.      Defendant Compass's termination of Plaintiff Powell was motivated by his national origin.

        Plaintiff Powell does not have to prove that unlawful discrimination was the only reason Defendant Compass terminated him.

If you find that the reason Defendant Compass has given for termination is unworthy of belief, you may, but are not required to, infer that Defendant Compass was motivated by Plaintiff's national origin.


GIVEN:                  _____

REFUSED:                _____

MODIFIED:               _____

WITHDRAWN:              _____


                                    _____
                                    Brantley Starr
                                    United States District Judge

---

[33] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.1 (2020).

**P**LAINTIFFS' **P**ROPOSED **I**NSTRUCTION **N**O. 35: **T**ITLE **VII— D**ISCRIMINATION **B**ASED ON **R**ACE, **C**OLOR, **N**ATIONAL **O**RIGIN, **R**ELIGION OR **S**EX (**D**ISPARATE **T**REATMENT)

## JURY QUESTION

### Question No. 1

Has Plaintiff Powell proved that his national origin was a motivating factor in Defendant Compass's decision to terminate him?[34]

Answer "Yes" or "No."

_____

GIVEN:              _____

REFUSED:          _____

MODIFIED:        _____

WITHDRAWN:   _____


_____
Brantley Starr
United States District Judge

---

[34] F**IFTH** C**IRCUIT** P**ATTERN** J**URY** I**NSTRUCTIONS**: C**IVIL** 11.1 (2020).

-48-

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 36: TITLE VII— RETALIATION**

Plaintiff Powell claims that he was retaliated against by Defendant Compass for engaging in activity protected by Title VII. Plaintiff Powell claims that he complained about Compass's discriminatory employment practices.  Plaintiff Powell claims that Defendant Compass retaliated against him by terminating him.[35]

Defendant Compass denies Plaintiff Powell's claims and contends that he was terminated for non-discriminatory reasons only.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII.   To prove unlawful retaliation, Plaintiff Powell must prove by a preponderance of the evidence that:

    1.      Plaintiff Powell complained about Compass's discriminatory employment practices;

    2.      Defendant Compass terminated Plaintiff Powell; and

    3.      Defendant Compass's decision to terminate Plaintiff Powell was on account of his protected activity.

You need not find that the only reason for Defendant Compass's decision was Plaintiff Powell's complaints about Compass's discriminatory employment practices. But you must find that Defendant Compass's decision to terminate Plaintiff Powell would not have occurred in the absence of—but for—his complaints about Compass's discriminatory employment practices.

If you disbelieve the reason Defendant Compass has given for its decision, you may, but are not required to, infer that Defendant Compass would not have decided to terminate Plaintiff Powell but for him engaging in the protected activity.

GIVEN:            _____

REFUSED:       _____

MODIFIED:     _____

WITHDRAWN:   _____

                          _____
                          Brantley Starr
                          United States District Judge

---

[35] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.5 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 37:TITLE VII— RETALIATION**

**JURY QUESTION**

**Question No. 1**

Do you find that Plaintiff Powell would not have been terminated but for his complaints about Compass's discriminatory employment practices?[36]

Answer "Yes" or "No."

_____

GIVEN:                _____

REFUSED:              _____

MODIFIED:             _____

WITHDRAWN:            _____


_____
Brantley Starr
United States District Judge

---

[36] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.5 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 38: TITLE VII DAMAGES**

If you found that Defendant Compass violated Title VII, then you must determine whether it has caused Plaintiff Powell damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Powell has proved liability.[37]

Plaintiff Powell must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Powell need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Powell would have earned in his employment with Defendant Compass if he had not been terminated from October 31, 2016 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Powell received from employment during that time; (2) the amount of other damages sustained by Plaintiff Powell including pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Back pay includes the amounts the evidence shows Plaintiff Powell would have earned had he remained an employee of Defendant Compass. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant Compass proves by a preponderance of the evidence Plaintiff Powell received during the period in question.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Powell for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Powell proves by a preponderance of the evidence that:

(1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity; (2) he engaged in the discriminatory act or practice while acting in the scope of his employment; and

(3) he acted with malice or reckless indifference to Plaintiff Powell's federally protected right to be free from discrimination.

---

[37] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).

If Plaintiff Powell has proved these facts, then you may award punitive damages, unless Defendant Compass proves by a preponderance of the evidence that the termination was contrary to its good-faith efforts to prevent discrimination in the workplace.

An action is in "reckless indifference" to Plaintiff Powell's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff Powell is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant Compass engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant Compass made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted antidiscrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff Powell's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Defendant Compass acted with malice or reckless indifference to Plaintiff Powell's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff Powell is entitled to receive, you may, but are not required to, award Plaintiff Powell an additional amount as punitive damages for the purposes of punishing the Defendant Compass for engaging in such wrongful conduct and deterring Defendant Compass and others from engaging in such conduct in the future. You should presume that Plaintiff Powell has been made whole for his injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Defendant Compass's conduct was. You may consider whether the harm Plaintiff Powell suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant's Compass's conduct that harmed Plaintiff Powell also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff Powell.

2. How much harm Defendant Compass's wrongful conduct caused Plaintiff Powell and could cause him in the future.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant Compass's financial condition, to punish Defendant Compass for its conduct toward Plaintiff Powell and to deter Defendant Compass and others from similar wrongful conduct in the future.

4. The amount of fines and civil penalties applicable to similar conduct.

5. The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff Powell.

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____


_____
Brantley Starr
United States District Judge

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 39:TITLE VII—DAMAGES**

## JURY QUESTIONS

### Question No. 1

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Powell for the damages, if any, you have found Defendant Compass caused Plaintiff Powell?[38]

Answer in dollars and cents for the following items and none other:

1.    Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $—————

2.    Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $—————

3.    Wages and benefits from October 31, 2016 to the date of your verdict.

    $—————

### Question No. 2

Do you find that Plaintiff Powell should be awarded punitive damages?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 4, then answer Question No. 5:

### Question No. 3

What sum of money should be assessed against Defendant Compass as punitive damages?

Answer in dollars and cents:

$—————————————

---

[38] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).

GIVEN:            _____

REFUSED:          _____

MODIFIED:         _____

WITHDRAWN:        _____


_____
Brantley Starr
United States District Judge

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 40: DISCRIMINATION BASED ON DISABILITY**

Plaintiff Powell claims that Defendant Compass discriminated against him because he had a disability by terminating him. Defendant Compass denies Plaintiff Powell's claims and contends that he was terminated for non-discriminatory reasons only.[39]

It is unlawful for an employer to discriminate against an employee because of the employee's disability. Unlawful discrimination can include termination a qualified individual with a disability.

To succeed in this case, Plaintiff Powell must prove each of the following by a preponderance of the evidence:

1.    Plaintiff Powell had a medical disability (diabetes);

2.    Such disability substantially limited his ability to fulfil the obligations of his position;

3.    Defendant Compass knew Plaintiff Powell had a medical disability (diabetes);

4.    Defendant Compass terminated Plaintiff Powell;

5.    Plaintiff Powell was a qualified individual who could have performed the essential functions of Co-Head of the U.S. Corporate & Investment Bank at Compass Bank when Defendant Compass terminated him; and

6.    Defendant Compass terminated Plaintiff Powell because of his medical disability (diabetes). Plaintiff Powell does not have to prove that his medical disability (diabetes) was the only reason Defendant Compass terminated him.

If Plaintiff Powell has failed to prove any of these elements, then your verdict must be for Defendant Compass.

A "disability" is a physical impairment that substantially limits one or more major life activities. In determining whether Plaintiff Powell's medical disability (diabetes) substantially limits his ability major life activities, you should compare his ability to fulfill the obligations of his position with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment.

In determining whether an impairment substantially limits a major life activity, you must consider the impairment without regard to the effects of such measures as medication, therapies, or surgery. In doing so, you may consider evidence of the expected course of a particular disorder without medication, therapies, or surgery.

---

[39] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.8 (2020).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____


_____
Brantley Starr
United States District Judge

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 41: DISCRIMINATION BASED ON DISABILITY**

## JURY QUESTIONS

### Question No. 1

Has Plaintiff Powell proved that Defendant Compass terminated Plaintiff Powell because of his medical disability (diabetes)? [40]

Answer "Yes" or "No."

_____

GIVEN:                    _____

REFUSED:                  _____

MODIFIED:                 _____

WITHDRAWN:                _____


                                    _____
                                    Brantley Starr
                                    United States District Judge

---

[40] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.8 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 42: ADA DAMAGES**

If you found that Defendant Compass violated the ADA, then you must determine whether it has caused Plaintiff Powell damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Powell has proved liability.[41]

Plaintiff Powell must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Powell need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as   the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Powell would have earned in his employment with Defendant Compass if he had not been terminated from October 31, 2016 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Powell received from employment during that time; (2) the amount of other damages sustained by Plaintiff Powell such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Back pay includes the amounts the evidence shows Plaintiff Powell would have earned had he remained an employee of Defendant Compass. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant Compass proves by a preponderance of the evidence Plaintiff Powell received during the period in question.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Powell for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Powell proves by a preponderance of the evidence that:

(1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity; (2) he engaged in the discriminatory act or practice while acting in the scope of his employment; and (3) he acted with malice or reckless indifference to Plaintiff Powell's federally protected right to be free from discrimination.

---

[41] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).

If Plaintiff Powell has proved these facts, then you may award punitive damages, unless Defendant Compass proves by a preponderance of the evidence that the termination was contrary to its good-faith efforts to prevent discrimination in the workplace.

An action is in "reckless indifference" to Plaintiff Powell's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff Powell is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant Compass engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant Compass made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted anti-discrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff Powell's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Defendant Compass acted with malice or reckless indifference to Plaintiff Powell's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff Powell is entitled to receive, you may, but are not required to, award Plaintiff Powell an additional amount as punitive damages for the purposes of punishing the Defendant Compass for engaging in such wrongful conduct and deterring Defendant Compass and others from engaging in such conduct in the future. You should presume that Plaintiff Powell has been made whole for his injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1.   How reprehensible Defendant Compass's conduct was. You may consider whether the harm Plaintiff Powell suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant's Compass's conduct that harmed Plaintiff Powell also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff Powell.

2.   How much harm Defendant Compass's wrongful conduct caused Plaintiff Powell and could cause him in the future.

3.   What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant Compass's financial condition, to punish Defendant Compass for its conduct toward Plaintiff Powell and to deter Defendant Compass and others from similar wrongful conduct in the future.

4.   The amount of fines and civil penalties applicable to similar conduct.

5.   The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff Powell.

GIVEN:                    _____

REFUSED:                  _____

MODIFIED:                 _____

WITHDRAWN:                _____


                              _____
                              Brantley Starr
                              United States District Judge

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 43: ADA—DAMAGES**

## JURY QUESTIONS

### Question No. 1

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Powell for the damages, if any, you have found Defendant Compass caused Plaintiff Powell?[42]

Answer in dollars and cents for the following items and none other:

1.      Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

  $——————

2.      Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

  $——————

3.      Wages and benefits from October 31, 2016 to the date of your verdict.

  $——————

### Question No. 2

Do you find that Plaintiff Powell should be awarded punitive damages?

Answer "Yes" or "No."

————————————————

If you answered "Yes" to Question No. 2, then answer Question No. 3:

### Question No. 3

What sum of money should be assessed against Defendant Compass as punitive damages?

Answer in dollars and cents:

$————————————————

---

[42] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____


_____
Brantley Starr
United States District Judge

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 44: DISCRIMINATION BASED ON AGE (ADEA DISPARATE TREATMENT)**

Plaintiff Powell claims he would not have been terminated but for his age.[43]

Defendant Compass denies Plaintiff Powell's claims and contends that he was terminated for non-discriminatory reasons only.

It is unlawful for an employer to discriminate against an employee because of the employee's age. To prove unlawful discrimination, Plaintiff Powell must prove by a preponderance of the evidence that:

    1.    he was terminated;

    2.    he was 40 years or older when he was terminated; and

    3.    Defendant Compass would not have terminated but for Plaintiff Powell's age.

Plaintiff Powell must prove that, in the absence of—but for his age, Defendant Compass would not have decided to terminate him.  If you find that Defendant Compass's stated reason for its termination is not the real reason but is a pretext for age discrimination, you may, but are not required to, find that Defendant Compass would not have decided to terminate Plaintiff Powell but for his age.

GIVEN:                _____

REFUSED:           _____

MODIFIED:          _____

WITHDRAWN:      _____

 

                                     _____
                                     Brantley Starr
                                     United States District Judge

---

[43] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.15 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 45: DISCRIMINATION BASED ON AGE (ADEA DISPARATE TREATMENT)**

## JURY QUESTION

## Question No. 1

Has Plaintiff Powell proved that, but for his age, Defendant Compass would not have terminated him?[44]

Answer "Yes" or "No."

_____

GIVEN:                _____

REFUSED:             _____

MODIFIED:            _____

WITHDRAWN:          _____


_____
Brantley Starr
United States District Judge

_____

[44] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.15 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 46: ADEA DAMAGES**

If you found that Defendant Compass violated the ADEA, then you must determine whether it has caused Plaintiff Powell damages. If so, you must determine the amount. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Powell has proved liability.[45]

Plaintiff Powell must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Powell need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of damages, and no others: the amounts the evidence shows Plaintiff Powell would have earned had he remained an employee of Defendant Compass to the date of your verdict, including benefits such as life and health insurance, stock options, or contributions to retirement, minus the amounts of earnings and benefits, if any, that Defendant Compass proves by a preponderance of the evidence Plaintiff Powell received in the interim.

Plaintiff Powell asserts that Defendant Compass's alleged age discrimination was willful.

If you find that Defendant Compass would not have terminated Plaintiff Powell but for his age, then you must also determine whether Defendant Compass's action was willful. To establish willfulness, Plaintiff Powell must also prove that, when Defendant Compass terminated him, Defendant Compass either (a) knew that its conduct violated the ADEA, or (b) acted with reckless disregard for whether its conduct complied with the ADEA. A plaintiff who proves that his former employer acted willfully in violating the ADEA is entitled to additional damages.


GIVEN:                    _____

REFUSED:                  _____

MODIFIED:                 _____

WITHDRAWN:                _____


                                    _____
                                    Brantley Starr
                                    United States District Judge


---

[45] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.18 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 47: ADEA DAMAGES**

## JURY QUESTIONS

### Question No. 1

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Powell for the damages, if any, you have found Defendant Compass's wrongful conduct, if any, caused Plaintiff Powell?[46]

Answer in dollars and cents for the following items, and no others:

Past wages and benefits from October 31, 2016 to the date of your verdict.

_____

### Question No. 2

Was Defendant Compass's termination willful?

Answer "Yes" or "No."

_____


GIVEN:                _____

REFUSED:             _____

MODIFIED:           _____

WITHDRAWN:        _____


_____
Brantley Starr
United States District Judge


_____

[46] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.18 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 48: BREACH OF CONTRACT**

In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.[47]

GIVEN:                 _____

REFUSED:               _____

MODIFIED:              _____

WITHDRAWN:             _____

                                        _____
                                        Brantley Starr
                                        United States District Judge

---

[47] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 101.3 (2018).

**PLAINTIFFS' PROPOSED QUESTION NO. 49: BREACH OF CONTRACT**

## JURY QUESTIONS

### Question No. 1

Did Defendant Compass fail to comply with Plaintiff Powell's employment agreement, if any?[48]

Answer "Yes" or "No."

_____

Given:           _____

Refused:        _____

Modified:      _____

Withdrawn:   _____


_____
Brantley Starr
United States District Judge

---

[48] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 101.2 (2018).

**P**LAINTIFFS' **P**ROPOSED **I**NSTRUCTION **N**O. 50: **B**REACH OF **C**ONTRACT —**D**AMAGES

If you answered "Yes" to Question ___, then answer the following question. Otherwise, do not answer the following question.[49]

GIVEN:                _____

REFUSED:            _____

MODIFIED:          _____

WITHDRAWN:      _____


                                         _____
                                         Brantley Starr
                                         United States District Judge

---

[49] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 115.1 (2018).

<u>**PLAINTIFFS' PROPOSED INSTRUCTION NO. 51: BREACH OF CONTRACT —DAMAGES**</u>

<u>**JURY QUESTIONS**</u>

<u>**Question No. 1**</u>

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Powell for the damages, if any, that resulted from such failure to comply?[50]

Consider the following elements of damages, if any, and none other:

a)   Lost earnings

    1.   Damages sustained in the past.

        $————

    2.   Damages that, in reasonable probability, will be sustained in the future.

        $————

b)   Lost employee benefits

    1.   Damages sustained in the past.

        $————

    2.   Damages that, in reasonable probability, will be sustained in the future.

        $————

c)   Lost severance benefits

    1.   Damages sustained in the past.

        $————

    2.   Damages that, in reasonable probability, will be sustained in the future.

        $————

---

[50] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 115.3 (2018).

Given: _____

Refused: _____

Modified: _____

Withdrawn: _____


_____
Brantley Starr
United States District Judge

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 52: TITLE VII (42 U.S.C. § 2000E-2)—DISCRIMINATION BASED ON RACE, COLOR, NATIONAL ORIGIN, RELIGION, OR SEX (DISPARATE TREATMENT)**

Plaintiff Grant claims that[51]:

Defendant Compass's termination of Plaintiff Grant was motivated by the Plaintiff Grant's national origin.

The employer, Defendant Compass, denies Plaintiff Grant's claims, and contends that he was terminated for non-discriminatory reasons only.

It is unlawful for an employer to discriminate against an employee because of the employee's national origin. An employer may, however terminate an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Grant must prove by a preponderance of the evidence that:

1.      Defendant terminated Plaintiff Grant; and

2.      Defendant Compass's termination of Plaintiff Grant was motivated by his national origin.

        Plaintiff Grant does not have to prove that unlawful discrimination was the only reason Defendant Compass terminated him.

If you find that the reason Defendant Compass has given for termination is unworthy of belief, you may, but are not required to, infer that Defendant Compass was motivated by Plaintiff's national origin.

GIVEN:                 _____

REFUSED:              _____

MODIFIED:            _____

WITHDRAWN:        _____

_____
Brantley Starr
United States District Judge

---

[51] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.1 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 53: TITLE VII— DISCRIMINATION BASED ON RACE, COLOR, NATIONAL ORIGIN, RELIGION OR SEX (DISPARATE TREATMENT)**

## JURY QUESTION

### Question No. 1

Has Plaintiff Grant proved that his national origin was a motivating factor in Defendant Compass's decision to terminate him?[52]

Answer "Yes" or "No."

_____

GIVEN:              _____

REFUSED:           _____

MODIFIED:          _____

WITHDRAWN:      _____


                                  _____
                                  Brantley Starr
                                  United States District Judge

---

[52] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.1 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 54: TITLE VII— RETALIATION**

Plaintiff Grant claims that he was retaliated against by Defendant Compass for engaging in activity protected by Title VII. Plaintiff Grant claims that he complained about Compass's discriminatory employment practices.  Plaintiff Grant claims that Defendant Compass retaliated against him by terminating him.[53]

Defendant Compass denies Plaintiff Grant's claims and contends that he was terminated for non-discriminatory reasons only.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII.   To prove unlawful retaliation, Plaintiff Grant must prove by a preponderance of the evidence that:

1.    Plaintiff Grant complained about Compass's discriminatory employment practices;

2.    Defendant Compass terminated Plaintiff Grant; and

3.    Defendant Compass's decision to terminate Plaintiff Grant was on account of his protected activity.

You need not find that the only reason for Defendant Compass's decision was Plaintiff Grant's complaints about Compass's discriminatory employment practices. But you must find that Defendant Compass's decision to terminate Plaintiff Grant would not have occurred in the absence of—but for—his complaints about Compass's discriminatory employment practices.

If you disbelieve the reason Defendant Compass has given for its decision, you may, but are not required to, infer that Defendant Compass would not have decided to terminate Plaintiff Grant but for him engaging in the protected activity.

GIVEN:                      _____

REFUSED:                 _____

MODIFIED:              _____

WITHDRAWN:         _____

_____
Brantley Starr
United States District Judge

---

[53] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.5 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 55: TITLE VII— RETALIATION**

## JURY QUESTION

### Question No. 1

Do you find that Plaintiff Grant would not have been terminated but for his complaints about Compass's discriminatory employment practices?[54]

Answer "Yes" or "No."

_____

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____


                              _____
                              Brantley Starr
                              United States District Judge

---

[54] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.5 (2020).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 56: TITLE VII DAMAGES

If you found that Defendant Compass violated Title VII, then you must determine whether it has caused Plaintiff Grant damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Grant has proved liability.[55]

Plaintiff Grant must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Grant need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as   the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Grant would have earned in his employment with Defendant Compass if he had not been terminated from October 1, 2016 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Grant received from employment during that time; (2) the amount of other damages sustained by Plaintiff Grant such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Back pay includes the amounts the evidence shows Plaintiff Grant would have earned had he remained an employee of Defendant Compass. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant Compass proves by a preponderance of the evidence Plaintiff Grant received during the period in question.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Grant for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Grant proves by a preponderance of the evidence that:

(1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity; (2) he engaged in the discriminatory act or practice while acting in the scope of his employment; and

(3) he acted with malice or reckless indifference to Plaintiff Grant's federally protected right to be free from discrimination.

---

[55] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).

If Plaintiff Grant has proved these facts, then you may award punitive damages, unless Defendant Compass proves by a preponderance of the evidence that the termination was contrary to its good-faith efforts to prevent discrimination in the workplace.

An action is in "reckless indifference" to Plaintiff Grant's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff Grant is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant Compass engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant Compass made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted antidiscrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff Grant's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Defendant Compass acted with malice or reckless indifference to Plaintiff Grant's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff Grant is entitled to receive, you may, but are not required to, award Plaintiff Grant an additional amount as punitive damages for the purposes of punishing the Defendant Compass for engaging in such wrongful conduct and deterring Defendant Compass and others from engaging in such conduct in the future. You should presume that Plaintiff Grant has been made whole for his injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Defendant Compass's conduct was. You may consider whether the harm Plaintiff Grant suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant's Compass's conduct that harmed Plaintiff Grant also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff Grant.

2. How much harm Defendant Compass's wrongful conduct caused Plaintiff Grant and could cause him in the future.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant Compass's financial condition, to punish Defendant Compass for its conduct toward Plaintiff Grant and to deter Defendant Compass and others from similar wrongful conduct in the future.

4. The amount of fines and civil penalties applicable to similar conduct.

5. The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff Grant.

GIVEN:                 _____

REFUSED:               _____

MODIFIED:              _____

WITHDRAWN:             _____


                                    _____
                                    Brantley Starr
                                    United States District Judge

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 57: TITLE VII—DAMAGES**

## JURY QUESTIONS

### Question No. 1

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Grant for the damages, if any, you have found Defendant Compass caused Plaintiff Grant?[56]

Answer in dollars and cents for the following items and none other:

1.  Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $—————

2.  Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $—————

3.  Wages and benefits from October 1, 2016 to the date of your verdict.

    $—————

### Question No. 2

Do you find that Plaintiff Grant should be awarded punitive damages?

Answer "Yes" or "No."

———————————————

If you answered "Yes" to Question No. 2, then answer Question No. 3:

### Question No. 3

What sum of money should be assessed against Defendant Compass as punitive damages?

Answer in dollars and cents:

$————————————————

---

[56] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).

GIVEN:            _____

REFUSED:          _____

MODIFIED:         _____

WITHDRAWN:        _____


_____
Brantley Starr
United States District Judge

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 58: DISCRIMINATION BASED ON AGE (ADEA DISPARATE TREATMENT)**

Plaintiff Grant claims he would not have been terminated but for his age.[57]

Defendant Compass denies Plaintiff Grant's claims and contends that he was terminated for non-discriminatory reasons only.

It is unlawful for an employer to discriminate against an employee because of the employee's age.

To prove unlawful discrimination, Plaintiff Grant must prove by a preponderance of the evidence that:

      1.      he was terminated;

      2.      he was 40 years or older when he was terminated; and

      3.      Defendant Compass would not have terminated but for Plaintiff Grant's age.

Plaintiff Grant must prove that, in the absence of—but for his age, Defendant Compass would not have decided to terminate him.  If you find that Defendant Compass's stated reason for its termination is not the real reason but is a pretext for age discrimination, you may, but are not required to, find that Defendant Compass would not have decided to terminate Plaintiff Grant but for his age.

GIVEN:         _____

REFUSED:    _____

MODIFIED:   _____

WITHDRAWN:  _____

 

_____
Brantley Starr
United States District Judge

---

[57] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.15 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 59: DISCRIMINATION BASED ON AGE (ADEA DISPARATE TREATMENT)**

**JURY QUESTION**

**Question No. 1**

Has Plaintiff Grant proved that, but for his age, Defendant Compass would not have terminated him?[58]

Answer "Yes" or "No."

_____

GIVEN:          _____

REFUSED:      _____

MODIFIED:    _____

WITHDRAWN:      _____


_____
Brantley Starr
United States District Judge

---

[58] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.15 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 60: ADEA DAMAGES**

If you found that Defendant Compass violated the ADEA, then you must determine whether it has caused Plaintiff Grant damages. If so, you must determine the amount. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Grant has proved liability.[59]

Plaintiff Grant must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Grant need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as   the circumstances permit.

You should consider the following elements of damages, and no others: the amounts the evidence shows Plaintiff Grant would have earned had he remained an employee of Defendant Compass to the date of your verdict, including benefits such as life and health insurance, stock options, or contributions to retirement, minus the amounts of earnings and benefits, if any, that Defendant Compass proves by a preponderance of the evidence Plaintiff Grant received in the interim.

Plaintiff Grant asserts that Defendant Compass's alleged age discrimination was willful.

If you find that Defendant Compass would not have terminated Plaintiff Grant but for his age, then you must also determine whether Defendant Compass's action was willful. To establish willfulness, Plaintiff Grant must also prove that, when Defendant Compass terminated him, Defendant Compass either (a) knew that its conduct violated the ADEA, or (b) acted with reckless disregard for whether its conduct complied with the ADEA. A plaintiff who proves that his former employer acted willfully in violating the ADEA is entitled to additional damages.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____

Brantley Starr
United States District Judge

---

[59] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.18 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 61: ADEA DAMAGES**

## JURY QUESTIONS

### Question No. 1

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Grant for the damages, if any, you have found Defendant Compass's wrongful conduct, if any, caused Plaintiff Grant?[60]

Answer in dollars and cents for the following items, and no others:

Past wages and benefits from October 1, 2016 to the date of your verdict.

_____

### Question No. 2

Was Defendant Compass's termination willful?

Answer "Yes" or "No."

_____

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____

_____
Brantley Starr
United States District Judge

---

[60] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.18 (2020).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 62: BREACH OF CONTRACT**

In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.[61]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
Brantley Starr
United States District Judge

---

[61] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 101.3 (2018).

**PLAINTIFFS' PROPOSED QUESTION NO. 63: BREACH OF CONTRACT**

## JURY QUESTIONS

### Question No. 1

Did Defendant Compass fail to comply with Plaintiff Grant's employment agreement, if any?[62]

Answer "Yes" or "No."

_____

Given:          _____

Refused:        _____

Modified:       _____

Withdrawn:      _____


_____
Brantley Starr
United States District Judge

---

[62] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 101.2 (2018).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 64: BREACH OF CONTRACT —DAMAGES**

If you answered "Yes" to Question ___, then answer the following question. Otherwise, do not answer the following question.[63]

GIVEN:                _____

REFUSED:            _____

MODIFIED:          _____

WITHDRAWN:       _____


_____
Brantley Starr
United States District Judge

---

[63] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 115.1 (2018).

**PLAINTIFFS' PROPOSED QUESTION NO. 65: BREACH OF CONTRACT —DAMAGES**

## JURY QUESTIONS

## Question No. 1

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Grant for the damages, if any, that resulted from such failure to comply?[64]

Consider the following elements of damages, if any, and none other:

a)      Lost earnings

      1.      Damages sustained in the past.

            $—————

      2.      Damages that, in reasonable probability, will be sustained in the future.

            $—————

b)      Lost employee benefits

      1.      Damages sustained in the past.

            $—————

      2.      Damages that, in reasonable probability, will be sustained in the future.

            $—————

c)      Lost severance benefits

      1.      Damages sustained in the past.

            $—————

      2.      Damages that, in reasonable probability, will be sustained in the future.

            $—————

---

[64] TEXAS PATTERN JURY INSTRUCTIONS: BUSINESS, CONSUMER, INSURANCE & EMPLOYMENT, 115.3 (2018).

Given: _____

Refused: _____

Modified: _____

Withdrawn: _____

_____
Brantley Starr
United States District Judge